## No. 237.

### THE STATE OF LOUISIANA vs. GILBERT DORSEY.

An objection to the effect that the names of persons who are summoned as tales jurors were not written on ballots and placed in the *venire* box and drawn therefrom, but that same were called from a list that was made out and furnished to the counsel by the sheriff, will not prevail in case it appears that the entire list was exhausted before the panel was completed.

| | |
|---|---|
| 40 | 739 |
| 45 | 980 |
| 45 | 1144 |
| 40 | 739 |
| 49 | 1150 |
| 40 | 739 |
| 50 | 1343 |
| 40 | 739 |
| 52 | 1929 |
| 40 | 739 |
| 107 | 48 |
| 107 | 455 |
| 40 | 739 |
| 113 | 479 |
| c114 | 89 |
| 40 | 739 |
| 116 | 88 |
| 40 | 739 |
| 119 | 569 |
| 40 | 739 |
| f124 | 95 |

The expression of opinion which disqualifies a juror is a *fixed, deliberate and determined* one, and which will not yield to evidence.

It is not proper for the trial judge to charge that, if one witness swears positively to the occurrence of a certain fact, and other witnesses, who had equal facilities of witnessing it, swear that, if same had occurred they would have seen it, the latter must prevail. It is necessary that the court should charge, in addition, that such witnesses *exercised* such facilities and testified that no such occurrence happened, in order that their evidence should preponderate.

An objection that a juror held a whispered conversation with a person not connected with the court, and in the presence of the judge and the defendant's counsel, cannot avail the accused as a disqualification of the juror. He had the opportunity of requesting the judge to discharge the jury, and did not, and his complaint comes too late, after he has enjoyed the opportunity of an acquittal.

As a rule it is safer to exclude spirituous liquors *entirely* from the use of the jury in a capital case, yet if the proof shows that no injurious consequences followed from its use, no ground is furnished for the allowance of a new trial.

A motion in arrest of judgment should concisely state the defects complained of as being patent upon the face of the record.

APPEAL from the Sixth District Court, Parish of Morehouse. *Vaughan,* J.

*J. P. Madison,* District Attorney, and *J. Henry Shepherd,* for the State, Appellee.

*Todd & Todd* and *Robert Whetstone* for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J. This appeal is prosecuted from a verdict convicting the accused of murder, and a sentence to life imprisonment. His counsel urge various complaints against the rulings of the trial judge, and charge that same were prejudicial to him, and that he has not had a fair trial. We shall deal with them in the order of their occurrence.

I.

During the process of empaneling the jury the regular *venire* was exhausted before same was completed, and the court ordered the sheriff to summon six tales jurors to complete the panel.

The sheriff, having summoned said talesmen, returned into court a list of their names, and from which list the call was proceeded with in regular order, commencing with the first. Objection was urged to this procedure by the defendant's counsel on the ground that the names of the tales jurors should have been deposited in the venire box and drawn therefrom. Appended to the bill of exceptions is a statement of the trial judge to the effect that the list of jurors summoned was exhausted before the panel was completed. We have decided that in such event the accused suffers no injury, and that such an objection is not good. 35 Ann. 315, State vs. Farrar.

## II.

One of the jurors having been sworn on his *voir dire* stated that he had formed and expressed an opinion relative to the guilt or innocence of the accused, that same was a fixed opinion, but that he would be governed by the evidence. Thereupon defendant's counsel tendered a challenge for cause, and it was disallowed by the court. The judge assigns that the juror stated that he would disregard his opinion and be governed by the evidence;

If the opinion which the juror entertained was of such a character that it would yield to the evidence adduced on the trial, it cannot avail as an objection to his competency. For it. has been decided by this Court that "the expression of an opinion which disqualifies a juror is a fixed, deliberate and determined one, which cannot be changed." 35 Ann. 317, State vs. Farrar.

The opinion of the juror in question may be said to have been a fixed or decided opinion, but not an *unyielding and determined* one. It is not pretended—judging by the recitals of the defendant's bill of exception—that the opinion of the juror was formed from hearing the witnesses' testimony, or statements, and it must, therefore, have been ounded upon rumor, and could not have been a determined opinion, such as would be disqualifying.

Furthermore, it does not appear that the particular juror in question sat upon the jury of trial, or that the defendant's peremptory challenges had been already exhausted when the objection was urged. 35 Ann. 315,-State vs. Farrar.

## III.

On the conclusion of the trial the defendant's counsel requested the court to charge the jury that, where one witness swears positively to a fact, and other witnesses, who were present and had equal facilities of seeing the transaction, swear that if the same had occurred they would have seen it, the testimony of the latter is entitled to equal weight as that of the former, and should have as much force. This charge was declined by the judge.

The counsel admit the force of the rule that, when one witness swears positively to a certain fact and other witnesses swear that they did not see the occurrence, the testimony of the former will be considered as outweighing that of the latter. The reason for the rule undoubtedly is that the one is *positive* and the other *negative* testimony. But they insist that we have recently announced a doctrine that is

compatible with their theory, and not at all inconsistent with the rule just stated, and they cite our opinion in State vs. Chevalier, 36 Ann· 84.

In that case we employed this language, viz: "The rule is that where one witness swears positively that he saw and heard a fact, and another, who was present, merely swears that he did not see it, and the witnesses were equally faith-worthy, the general principles would, in ordinary cases, create a preponderance in favor of the affirmative, when the positive can be reconciled with the negative without violence or constraint.

"Evidence of a negative character may, under particular circumstances, not only be equal but superior to positive evidence. This must always depend upon the question : Whether the negative testimony can be attributed to inattention, error or defect of memory, *and* whether the witnesses had equal means and opportunities for ascertaining the facts to which they testify, *and exercised the same?* " (The italics are those of the writer.)

Conceding the force of the rule and the foregoing qualification, taken together, and the requested charge was not a permissible one, because it was not formulated within its compass and pursuant to its provisions. Defendant's counsel simply requested the court to charge that, if one witness swears positively to the occurrence of a certain fact, and other witnesses, who had equal facilities of witnessing it, state that if same had occurred they would have seen it. This was not sufficient. They should also have stated further,that such witnesses *exercised* such facilities, and testified that no such occurrence took place. For it does not suffice that they had the opportunity to see, but did not; that they were present, but did not have their attention attracted to it. These are merely negative averments, and such evidence is negative, and does not preponderate over, and is not entitled to equal weight with the positive testimony of a single witness. The mere fact of persons being present upon the happening of a transaction, and having an opportunity to witness it, and who, thereupon, state that if such a transaction had occurred they would have seen it, is not equivalent to saying that they exercised the opportunity presented and that no such an occurrence transpired. The charge requested was an improper one.

## IV.

An application for a new trial was made on the grounds, viz :

First—That while the trial was in progress, and after some of the jurors had been sworn, one of them held a whispered conversation

State vs. Dorsey.

with a person not connected with the court, and with whom he had no right to converse.

Second—The jury were allowed to indulg ein spirituous liquors "during the trial of the case."

The motion was refused, and defendants reserved a bill of exceptions.

1. On the trial of the motion it was stated by the deputy sheriff, as a witness for the accused, that he saw a person, not connected with the court, engaged in a whispered conversation with one of the jurors who had been sworn, and that he ordered him away immediately. This occurred while the juror was sitting in the jury-box, and in the presence of the court.

From this statement it does not appear that the juror was guilty of any improper conduct. He did not invite the conversation, nor participate in it. This occurrence took place in the immediate presence of the court. It was admitted by one of defendant's counsel, in the course of the argument here, that he observed it at the time it happened, and that he made no objection to the court, and did not, on that account, request that the jury be discharged. It is quite firmly settled that an objection to the qualification of a juror must be taken advantage of seasonably to be of avail to the accused, and this rule may be wisely extended to an objection to the conduct of a juror in this regard. The counsel had an opportunity of tendering a seasonable objection to further proceeding with the trial, before that jury, and did not; consequently, his complaint comes with indifferent grace after he has taken the chance of an acquittal by the jury as constituted.

2. On the other branch of the motion the same witness testified that he asked the judge if there was any impropriety in giving the jurors a *drink* of whisky, as they said they were tired, and wanted it and he replied there was none.

He states, further, viz: " I had deputy sheriff, Taylor, to take a pint bottle of whisky to their room. The judge told me not to let them have enough to become intoxicated. The one pint is all that I know of."

Was this a misdirection, or misdiscretion of the trial judge ? It does not appear from the motion or the evidence adduced on the trial thereof that this occurrence happened *after* the trial and *during the deliberations* of the jury upon their verdict; but, we understand that it is specifically laid "during the trial of the case."

It was undoubtedly the duty of the judge to see to it that the *com-*

*fort* of the jurors was provided for, as well as their subsistence. In this instance the representation was made to him that the members of the jury had said they were tired and wanted a drink of whisky, and then only a pint was furnished them. Our predecessors have, under exceptional circumstances, permitted liquors to be furnished to the jury *during a trial* that was protracted. State vs. Caulfield, 23 Ann. 148.

In that case it was justly observed by the court that "though we would be far from encouraging the practice in jurymen of taking an enemy intotheir mouths to steal away their brains, yet we must recognize the fact that alcohol has its use in case of exhaustion and illness."

That sentiment is particularly applicable here.

In that case, as in this, the whisky was furnished to the jury *during* the trial. The court say: "It does not appear that any liquors were furnished to the jury *after* they retired to consider their verdict." The court declined to grant a new trial.

While it is true, as stated in *State vs. Brunetto*, 13 Ann. 45, that "the safer rule is to exclude spirituous liquors entirely from the use of the jury in capital cases, and so I understand the current of decisions to tend," yet, in this particular instance, *no apparent injurious consequences flowed from the use of the modicum* of whisky that was supplied *during the progress of the trial*, and it furnishes no ground to disturb the judge's ruling.

The motion in arrest of judgment is altogether without merit, because it *mentions* no defect of any kind that is patent on the face of the record.

Judgment affirmed.