(49 South. 990.)

No. 17,685.

STATE v. BROOKS.

(June 14, 1909. Rehearing Denied June 30, 1909.)

HOMICIDE (§ 316*)—PROSECUTION—NEW TRIAL —GROUNDS.

The fact that a defendant on trial for murder is brought from the jail to the court-room with manacles on his wrists, and that the jurors, or some of them, may have seen them removed and replaced, is not sufficient ground for a new trial, where it appears that all other prisoners were treated in the same way, that no particular attention was called to defendant, and that no complaint was made until after conviction and in the motion for new trial.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 684; Dec. Dig. § 316.*]

(Syllabus by the Court.)

Appeal from Sixth Judicial District Court, Parish of Ouachita; James P. Madison, Judge.

Jesse Brooks was convicted of manslaughter, and appeals. Affirmed.

Oliver Cromwell Dawkins and Benj. T. Dawkins, for appellant. Walter Guion, Atty. Gen., Fred. M. Odom, Dist. Atty., and Stubbs, Russell & Thues (Ruffin Golson Pleasant, of counsel), for the State.

Statement of the Case.

MONROE, J. Defendant, having been convicted of manslaughter and duly sentenced, relies in this court upon a bill of exception taken to the overruling of a motion for new trial, from which (the motion and the testimony adduced upon the hearing thereof being made part of the bill) it appears that, when brought into court for arraignment, defendant was manacled to another prisoner, and so remained during his arraignment and during the reception of his plea (of not guilty); that on the morning of the trial he was brought from the jail into the court-room with manacles on, the manacles being removed as soon as he was seated; and that at the noon recess a manacle was replaced on one wrist, and, the sheriff holding the other, he was led out, and back to the jail in that way, the manacle, as before being removed on his return. At the time of the arraignment there were few persons in the courtroom, and, so far as it appears, no one who was called on the jury by which defendant was subsequently tried, the arraignment having taken place a month before the trial and some time before the issuance of the venire from which that jury was drawn. On the day of the trial the courtroom was filled with people and the fact that defendant was manacled, as stated, was probably observed by the jurors, or some of the jurors, by whom he was tried. The trial judge who was called on to testify on the hearing of the motion for new trial says:

"Defendant was treated during the trial just as other prisoners were treated whose cases were tried, and there was no effort on the part of the sheriff or the court to hold him, or any other prisoner, up before the jury as vicious, nor was there any effort to do anything whatever to attract attention to him. The sheriff brought him into the court with a handcuff on one hand, and, as soon as he was in the courtroom and given a seat, the manacle was removed, just as was done with practically all of the prisoners who were tried at that term of the court."

It does not appear that defendant was regarded as unruly or dangerous. Upon the other hand, it is conceded that neither he nor his counsel made any objection to the manner of his treatment, the complaint upon that subject having been made for the first time in the motion for new trial.

Opinion.

We fail to find in the facts stated anything to justify the assumption that the treatment of which defendant complains operated to his prejudice on the trial. If he and his counsel were of the opinion that the exhibition of the manacles in the courtroom was likely to prejudice the minds of the jurors, they should have their objection at a time when it was possible to apply a remedy. Having remained silent at that time, and having had the benefit of the chance of acquittal, the complaint thereafter made came too late. State v. Dorsey, 40 La. Ann. 739, 5 South. 15; State v. Gianfala, 113 La. 479, 37 South. 30; State v. High, 116 La. 79, 40 South. 538; State v. Moore, 119 La. 564, 44 South. 299.

Judgment affirmed.