# THE STATE v. LAUGHLIN, Appellant.

**Division Two, March 1, 1904.**

1. **CRIMINAL LAW: Embezzlement by Public Administrator of Trust Funds: Separate Offenses: Autrefois Acquit.** Embezzlement by an administrator of trust funds belonging to different persons constitutes separate and distinct offenses even though the fraudulent conversion of the different funds have taken place at the same time. Hence, an acquittal of the charge of embezzling the funds belonging to one individual is not a bar to a prosecution for embezzling the funds of another.

2. ———: ———: **Evidence.** The evidence showed that defendant, as public administrator and ex-officio public guardian, received a check representing the amount of the fund belonging to a minor whose estate he had been ordered by the probate court to take charge of; the check was honored, and the amount named was placed to defendant's credit as public administrator; defendant's final settlement showed that the amount received by him was still due the minor; he admitted that he did not have the fund, and that he had never paid any part of it to the minor or her creditors. *Held*, sufficient to justify a conviction of embezzlement of the trust fund.

3. ———: **Plea in Bar: Demurrer.** Where a plea of former conviction or acquittal shows on its face that the defendant is not indicted for the offense described in the special plea, a demurrer to the plea is the proper practice.

4. ———: **Embezzlement by Administrator: Instruction.** An instruction which tells the jury that it is not necessary that the proof, in the prosecution of a public administrator for the felonious conversion of trust funds, should be made by direct and positive evidence, but that all the facts and circumstances in evidence should be taken into consideration, correctly states the law.

Appeal from Holt Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*Petree Bros.* and *Chas. F. Booher* for appellant.

(1)   The plea is sufficient on its face and is not demurrable.   It is in exact accordance with approved forms.   Kelley's Crim. Law, sec. 235; Henry v. State, 33 Ala. 403.   The plea of *autrefois acquit* consists of matter of record and matter of fact.   Of record, the indictment or information, and the acquittal; of fact, that the defendant is the same person, and that the offenses are the same. 9 Enc. Pl. and Pr., 663; State ex rel. v. Edwards, 42 La. Ann. 414; Henry v. State, supra; Goode v. State, 70 Ga. 753; Daniels v. State, 78 Ga. 102; U. S. v. Shoemaker, 2 McLean 120.   The sufficiency of the record pleaded is for the court. The questions of fact, i. e., the existence of the record, and the identity of the offenses and of the defendants, are for the jury. State v. Nelson, 11 Nev. 273; State ex rel. v. Edwards, supra; Goode v. State, supra; Sweeny's Case, 16 Ga. 468; Stringfield's Case, 25 Ga. 476; Daniels v. State, supra; State v. Huffman, 136 Mo. 58.   The fact that the ownership of the property alleged to have been embezzled is laid in one person in one indictment and in another person in the other does not necessarily show that the offenses are separate and distinct.   They might have been identified by evidence that the owners, though differently named, are in reality the same, or that, though the owners are different, both conversions were the same transaction.   Hughes, Crim. Proc., sec. 2589; Sadberry v. State, 46 S. W. 639; Lorton v. State, 7 Mo. 55; State v. Morphin, 37 Mo. 373.   The money of both estates is alleged to have come into defendant's hands at the same time, by virtue of the same official position, and to have been converted at the same time.   The fact that the money alleged to have been embezzled came into the official hand of defendant from two different estates will not necessarily make two separate offenses. The gravamen of the offense charged in the informa-

tions is not the embezzlement of money belonging to any estate. It is the embezzlement of money coming to him by virtue of his official position. Sec. 1918, R. S. 1899; State v. Hays, 78 Mo. 600; Brown v. State, 18 Ohio St. 498; State v. Flint, 62 Mo. 393; Goodhue v. People, 94 Ill. 39; Monroe v. State, 20 So. 634; State v. Manley, 157 Mo. 370. (2) Defendant's demurrer to the evidence should have been sustained. Home Lumber Co. v. Hartman, 45 Mo. App. 647; State v. Reilly, 4 Mo. App. 397; State v. Jennings, 98 Mo. 495; State v. Pratt, 98 Mo. 485. To constitute embezzlement there must be a criminal intent. 10 Am. and Eng. Enc. Law (2 Ed.), 996; State v. Reilly, supra; State v. Schilb, 159 Mo. 140; State v. Rigall, 169 Mo. 662; State v. Woodward, 171 Mo. 595. It is undoubtedly true that the criminal intent need not be proven by direct and positive testimony; that it may be inferred from the facts and circumstances surrounding the act done. But before there can be any such inference there must be some evidence from which the inference may be made. Some facts and circumstances, beyond the mere fact of the shortage, must be shown in evidence; else it is not true that a shortage alone will not constitute the offense.

*Edward C. Crow*, Attorney-General, and *C. D. Corum* for the State.

(1) No error was committed by the court in sustaining the demurrer to the plea in bar of the defendant. The offenses were not identical. It is no answer to a charge of embezzlement of A's money for the defendant to say that I have been acquitted on the charge of embezzling B's money. State v. Burlingame, 146 Mo. 207; State v. Gustin, 152 Mo. 108; State v. Williams, 15 Mo. 115; State v. Wister, 62 Mo. 592; 4 Blackstone's Com., 336; Commonwealth v. Robey, 12 Pick. 504. (2) Defendant was not entitled to a jury trial

upon his plea in bar.   The plea of former acquittal on
its face showed that the defendant was not informed
against for the first offense described in the special plea.
No error was committed in not submitting the suffi-
ciency of this plea to a jury.   State v. Williams, 152
Mo. 115; State v. Goddard, 162 Mo. 198.   (3)   If one
who has the property of another in his possession runs
away with it, or neglects or refuses to account for it,
or otherwise wrongfully diverts it, he is guilty of em-
bezzlement.   State v. Cunningham, 154 Mo. 179.   (4)
The principle announced in instruction number seven
has been frequently declared to be unobjectionable.
State v. Cushenberry, 157 Mo. 168; State v. Duncan,
142 Mo. 456; State v. Nueslin, 25 Mo. 123.

FOX, J.—The charge in this case is embezzlement.
The defendant was administrator of Holt county, and
it appears that three successive times he was elected to
that office.   Before the termination of his third term he
resigned and D. M. Walker was appointed his suc-
cessor.

During the incumbency of the office of public ad-
ministrator, a partition suit was determined in Holt
county, and it appeared that Stella Hahn, a little girl
nine years old, was the heir to an interest in a tract of
land sold, and that her portion of the real estate brought
$229.36.   The child being a minor, the probate court
of Holt county ordered and directed the defendant, as
public administrator of the county, to take charge of
the estate of the child, which he accordingly did.   He
received from the sheriff a check for the sum of $229.36,
and deposited the same in the bank to his credit as ad-
ministrator.   He filed his inventory with the clerk of
the probate court, showing that the estate of Stella
Hahn consisted of $229.36.   His final settlement as
public administrator shows that there was a balance
due the said Stella Hahn of $229.36, and that he had

paid out no part of said sum to her or to any creditor of her estate.

The defendant admitted to his successor in office that he had never paid the money to Stella Hahn or to her creditors, and that he was unable to pay it over to his successor, because of the fact, as he stated, that he did not have the money.

It seems that the original information in this case was filed on the 14th day of January, 1901. The transcript shows that on the 6th day of April, 1903, there was filed in the Holt Circuit Court an amended information. It is also shown by the record that Mr. Petree, of counsel for the defendant, who was, at the time of the trial, the prosecuting attorney of the county, had been consulted by the defendant prior to Mr. Petree's election to the office, on account of which the court appointed Ivan Blair, Esq., formerly prosecuting attorney of the county, to prosecute this case. The record further indicates that during the month of January, 1901, an information was filed against this defendant, charging him with the embezzlement, as public guardian, of the sum of $180.94, belonging to John Brodbeck, and that the defendant was acquitted of this charge. On account of the defendant's acquittal of the charge of having embezzled the money of John Brodbeck, the defendant filed a plea in the nature of *autrefois acquit*.

The amended information upon which defendant was tried is as follows:

"Ivan Blair, the duly appointed, qualified and acting prosecuting attorney in and for the county of Holt and State of Missouri, appointed by the circuit court in and for the county and State aforesaid, to prosecute this cause for and on behalf of the State of Missouri, the plaintiff herein, upon his oath of office informs the court that defendant, Giles A. Laughlin, on or about the — day of July, 1899, at the said county of Holt, was the duly elected, acting and qualified public adminis-

trator, and such public administrator was an ex-officio public guardian·in and for the county of Holt and State of Missouri, and, as such public administrator and ex-officio public guardian, was ordered by the probate court of said Holt county to take charge of the estate of one Stella Hahn, a minor under the age of fourteen years, and to act as curator of said estate; and the said Giles A. Laughlin then and there took charge of the said estate, as curator thereof, and by virtue of his said official position as public administrator and ex-officio public guardian in charge of the said estate, as curator thereof under the aforesaid order of the probate court aforesaid, was then and there entrusted with and had charge and custody of certain money belonging to and being the property of the said Stella Hahn, and being so entrusted with and having the care, custody and control of said money by virtue of his said official position as public administrator and ex-officio public guardian in charge of said estate as curator thereof, under the order of the said probate court, certain of said money, to-wit, the sum of $229.36, of the value of $229.36, the denomination and particular description of which said money is unknown and can not be given, belonging to the said Stella Hahn and by the said Giles A. Laughlin received and taken into his possession and custody by virtue of his said official position as public administrator and ex-officio public guardian in charge of the estate of the said Stella Hahn as curator thereof under said order of the said probate court, the said Giles A. Laughlin did, on or about the said — day of July, 1899, in the county of Holt and State of Missouri, unlawfully, fraudulently and feloniously embezzle, make away with, secrete and convert to his own use, and so the said Giles A. Laughlin, the said $229.36, of the value aforesaid, belonging to the said Stella Hahn, in the manner and form aforesaid, feloniously did embezzle, steal, take and carry away, against the peace and dignity of the State.''

The same day that the amended information was filed, the defendant filed the following plea of *autrefois acquit*:

"And now comes the defendant in his own proper person and by his attorneys and having heard the information herein read, says that the State of Missouri ought not further to prosecute the said information against him, the said Giles A. Laughlin, because he says that heretofore, to-wit, at a certain term of the circuit court holden at Oregon, in and for the county of Holt and State of Missouri, being the January term, 1901, of said court, an information was presented and filed by the prosecuting attorney in and for said county, in the said circuit court, wherein it was charged the, 'Giles A. Laughlin, on or about the — day of July, 1899, at the county of Holt, was duly elected and qualified public guardian in and for said county of Holt, and, as said public guardian, was ordered by the probate court of said Holt county to take charge of the estate of John Brodbeck, a person of unsound mind, and to act as guardian of the said John Brodbeck; and, by virtue of his official position as guardian of the said John Brodbeck, was then and there entrusted with and had charge and custody of certain money belonging to and being the property of the said John Brodbeck; and, being so entrusted with and having the care, custody and control of the said money aforesaid by virtue of his said official position as guardian of the said John Brodbeck, certain of said money, to-wit, the sum of $180.94, of the value of $180.94, the denomination and particular description of which said money is unknown and can not be given, of the money belonging to the said John Brodbeck, by the said Giles A. Laughlin received and taken into his possession and custody, by virtue of his said official position as guardian of the said John Brodbeck, unlawfully, fraudulently and feloniously did embezzle, make away with, secrete and convert to his own use. And so, the said Giles A.

Laughlin, the said $180.94, of the value aforesaid, in manner and form aforesaid, feloniously did embezzle, steal, take and carry away, against the peace and dignity of the State.'

"And the said Ivan Blair, prosecuting attorney as aforesaid, did further charge, in a ' second count of said information, filed as aforesaid, that 'Giles A. Laughlin, on or about the — day of July, 1899, at the said county of Holt, was guardian of one John Brod-* beck, a person of unsound mind; and, by virtue of his said official position as guardian of the said John Brodbeck, was then and there entrusted with and had charge and custody of certain money belonging to and being the property of the said John Brodbeck, and, being entrusted with and having the care, custody and control of the said money aforesaid, by virtue of his official position as guardian of the said John Brodbeck, certain of said money, to-wit, the sum of $180.94, of the value of $180.94, the denomination and particular description of which said money is unknown and can not be given, of the money belonging to the said John Brodbeck, by the said Giles A. Laughlin received and taken into his possession and custody by virtue of his said official position as guardian of the said John Brodbeck, unlawfully, fraudulently and feloniously did embezzle, make away with, secrete and convert to his own use; and so the said Giles A. Laughlin, the said $180.94, the money of the value aforesaid, belonging to the said John Brodbeck, in the manner and form aforesaid, feloniously did embezzle, steal, take and carry away, against the peace and dignity of the State.' "

The defendant was tried upon this information charging him with embezzlement of funds belonging to John Brodbeck and acquitted, and it is upon this record that he bases his plea in bar of this prosecution. In conclusion, defendant says in his plea:

"And the said Giles A. Laughlin says that he, the said Giles A. Laughlin, and the said Giles A. Laughlin

so charged and acquitted as last aforesaid, are one and the same person; and that the felony of which he was presented, charged and acquitted as last aforesaid, and the felony of which he is now here charged and arraigned, are one and the same felony; and that the acts charged in the information upon which he was arraigned, tried and acquitted as aforesaid, and the acts charged in the information upon which he is now here charged, presented and arraigned, are both parts and parcels of one and the same offense, transaction and felony, and this he is ready to verify. Wherefore, he prays that he may be discharged from the premises of the said information wherein he is now charged and go hence acquit.''

To this plea in bar, counsel for the State filed a demurrer, assigning as ground for the demurrer:

''First. The said plea in bar does not set up any defense to the charge against the defendant alleged in the amended information now against him.

''Second. Said plea in bar sets forth the fact that the defendant had heretofore been prosecuted for different and distinct charges and for a different and distinct offense from that charged in the amended information against him, and to which he now pleads in bar.

''Third. That said plea in bar fails to show or allege that the defendant was ever in jeopardy on the charge contained against him in the amended information herein.''

The court sustained the demurrer and the plea was stricken out. Whereupon, defendant entered his plea of not guilty and the trial proceeded, which resulted in the conviction of the defendant, and his punishment was assessed at two years in the penitentiary.

The testimony in this cause on the part of the State is sufficiently indicated in the first part of the statement herein. The only testimony introduced by defendant was as to his good reputation.

At the close of the evidence the court instructed the jury as follows:

"1.   If the jury believe from the evidence, beyond a reasonable doubt, that the defendant did, at the county of Holt and State of Missouri, within three years prior to the 11th day of January, 1901, receive into his possession the money mentioned in the information, or any portion thereof to the value of thirty dollars or more, and that the defendant received the same into his possession as public administrator and ex-officio public guardian of said county, under and by virtue of an order of the probate court of said county authorizing and directing him, as such public administrator and ex-officio public guardian, to take charge of the estate of Stella Hahn, a minor, and that he did, within three years prior to the 11th day of January, 1901, at said county of Holt and State of Missouri, feloniously and fraudulently convert the same to his own use, with the intent fraudulently to deprive his said ward thereof, you will find the defendant guilty of embezzlement as charged in the information and assess his punishment at imprisonment in the penitentiary for a term of not less than two years nor more than five years.

"2.   If the jury believe from the evidence that the defendant was public administrator and ex-officio public guardian at the time the order of the probate court, read in evidence, authorizing and directing him to take charge of the estate of Stella Hahn, a minor, was made, and that he received the funds described in the information, to-wit, two hundred and twenty-nine and 36-100 dollars, by virtue of and pursuant to such order; then he received the same in his capacity of public administrator and ex-officio public guardian.

"3.   The court instructs the jury that the law presumes that every man intends the natural and probable results of his own acts, and, if you find from the evidence, beyond a reasonable doubt, that the defendant knowingly converted the funds of his ward, Stella Hahn

to his own use, in the manner stated in instruction No. 1, you will be authorized to infer therefrom the criminal intent and that he did intend at the time of such conversion to deprive his ward, Stella Hahn, thereof.

"4. The jury are instructed that, in determining the guilt or innocence of the defendant, you should take into consideration the evidence relating to the previous good character of the defendant. Yet, if the jury, after considering all the evidence in the case, including that bearing on the previous good character of the defendant, believe that the defendant is guilty of the crime charged, then such previous good character would not palliate, mitigate or excuse the commission of the crime.

"5. Feloniously, as used in this instruction, means a wrongful act done willfully.

"6. You are instructed that the jury are the sole judges of the credibility of the witnesses and the weight to be given to their testimony. In determining such credibility and weight, you will take into consideration the character of the witness, his manner on the stand, his interest, if any, in the result of the trial, his relations to or feelings toward the defendant, the probability or improbability of his statements, as well as all the facts and circumstances given in evidence. In this connection, you are further instructed that, if you shall believe that any witness has knowingly sworn falsely to any material fact, you are at liberty to reject all or any portion of such witness's testimony.

"7. The court instructs the jury that the defendant is presumed to be innocent of the offense charged. Before you can convict him, the State must overcome that presumption by proving him guilty beyond a reasonable doubt. If you have a reasonable doubt of the defendant's guilt, you will acquit him. But a doubt, to authorize an acquittal, must be a substantial doubt, founded on the evidence, and not a mere possibility of his innocence."

Thereupon, at the request and in the behalf of the defendant, the court gave the following instructions, to-wit:

"1. The court instructs the jury that, although the jury may believe from the evidence that the defendant, at the county of Holt and State of Missouri, within three years prior to January 11, 1901, received the funds described in the information, or any part thereof to the value of thirty dollars or more, under and by virtue of an order of the probate court and in his official capacity as public administrator and ex-officio public guardian, and that he subsequently and before the 11th day of January, 1901, converted same, or some part thereof to the value of thirty dollars or more, to his own use, yet the jury can not find him guilty, unless they further believe and find from the evidence that, at the time the defendant converted same, he did so with the felonious and fraudulent intent of depriving his said ward, Stella Hahn, thereof, and unless the jury so find, they will acquit the defendant.

"3. The court instructs the jury that it devolves upon the State to prove to the jury, beyond a reasonable doubt, every material fact necessary to constitute the offense with which the defendant is charged, and, if the jury have a reasonable doubt, arising from the lack or insufficiency of the evidence, of the existence of any such material facts, the jury will acquit.

"4. The jury are instructed that the previous good character of the defendant, if proven to your satisfaction, is a fact in the case which you ought to consider in passing upon the question of defendant's guilt or innocence of this charge, for the law presumes that a man of good character is less likely to commit a crime than one whose character is not good.

"5. The court instructs the jury that the defendant is presumed to be innocent of the offense charged;

that, before you can convict him, the State must overcome that presumption by proving him guilty beyond a reasonable doubt. If the jury have a reasonable doubt of the defendant's guilt, they should acquit him; but a doubt, to authorize an acquittal, must be a substantial doubt, and not a mere possibility of innocence.''

Defendant requested the court to give the following instructions to the jury, which were refused:

''2.   The court instructs the jury that, before you can find the defendant guilty, you must believe from the evidence beyond a reasonable doubt that the defendant wrongfully and fraudulently appropriated and converted to his own use the money charged in the information, or some portion thereof, and that he did so with an intent at the time of defrauding and depriving the owner thereof. It is not enough that the defendant was short in his account as such public guardian in charge of the estate of Stella Hahn, nor that he may not have accounted for all the money that came into his hands. Before you find him guilty, you must find that such shortage (if there was any shortage) was occasioned by the defendant wrongfully appropriating the amount of such shortage to his own use, with the intent of depriving and defrauding the owner thereof.

''3.   The court instructs the jury that, before they can find the defendant guilty in this case, they must believe and find from the evidence beyond a reasonable doubt, that he received money of said Stella Hahn in his possession by virtue of his position as public guardian and under and by virtue of an order of the probate court of Holt county, authorizing and directing him to take charge of her estate, and you must further find and believe from the evidence that the defendant did, by virtue of his office and said order, receive into his possession from John Ramsey, sheriff of Holt county, the money of said Stella Hahn in the sum of $229.36 and that, after receiving said money and prior to the filing of the information in this cause, that is, prior to Jan-

uary 11, 1901, the defendant did unlawfully and inten-
tionally embezzle and fraudulently convert the same to
his own use; and unless they believe and find from the
evidence, beyond a reasonable doubt, that the defendant
did so fraudulently and intentionally convert the·same
to his own use within said Holt county and within the
time set out, their verdict must be for defendant.

"Although the jury may believe from the evidence
that the defendant received the money in question from
the sheriff of said county by virtue of said official posi-
tion and said order, yet, unless you further believe
from the evidence, beyond a reasonable doubt, that he
unlawfully and fraudulently converted the same to his
own use in said county, within the time set out, intend-
ing at the time to appropriate the same to his own use,
then you can not convict him, and, in such case, you
should find him not guilty.

"4.  Unless the jury believe from the evidence
that the alleged embezzlement of the funds of the es-
tate of Stella Hahn took place within three years next
before the filing of the information in this cause, to-
wit, the 6th day of April, 1903, you will find the de-
fendant not guilty. ·

"5.  If the jury believe from the evidence that
the defendant received from the sheriff of Holt county
a check for $229.36, as the property of his ward, Stella
Hahn, and that he received no other property or money
from any other source belonging to his said ward, they
will find the defendant not guilty.

"6.  Unless the jury believe and find from the evi-
dence that the information in this case was filed within
three years next after the — day of July, 1899, they
will find the defendant not guilty."

The defendant also requested the court to give in-
struction No. 7, as follows:

"Although the jury may believe and find from
the evidence in this cause that the defendant failed to
pay over to his successor the funds of the estate of

Stella Hahn, this alone would not constitute the crime of embezzlement. It devolves upon the State to prove to the satisfaction of the jury beyond a reasonable doubt, that the defendant, within three years next before the 6th day of April, 1903, the date of the filing of the information in this cause, fraudulently and feloniously converted the funds belonging to the estate of Stella Hahn, with the felonious and fraudulent intent at the time to so convert said funds.''

This instruction was refused, and the court, of its own motion, modified it as follows:

"Although the jury may believe and find from the evidence in this cause that the defendant failed or refused to pay over to his successor the funds of the estate of Stella Hahn upon the demand made by him, this alone would not constitute the crime of embezzlement. It devolves upon the State to prove to the satisfaction of the jury, beyond a reasonable doubt, that the defendant, within three years before the 11th day of January, 1901, the date of the filing of the original information in this cause, fraudulently and feloniously converted the funds belonging to the estate of Stella Hahn to his own use, with the felonious and fraudulent intent at the time to so convert said funds. At the same time, it is not necessary that such proof should be made by direct and positive evidence, but it may be shown by facts and circumstances; and in this case, the jury should take into consideration all the facts and circumstances in evidence, including that relating to such demand and failure or refusal, in determining whether or not the defendant feloniously and fraudulently converted the funds belonging to the estate of Stella Hahn to his own use with the felonious and fraudulent intent at the time to so convert same.''

The cause was submitted to the jury upon the instructions given and they returned a verdict of guilty, as before stated. Defendant filed his motion for new

trial, which was by the court overruled, and this cause
is now before us upon appeal.

## OPINION.

There are three propositions presented in this
cause for solution:

First: It is urged that the court erred in sustain-
ing the demurrer filed by the State, to the plea in bar
by defendant.

Second. It is contended that the evidence is in-
sufficient to support the verdict and that the peremp-
tory instruction, in the nature of a demurrer to the ev-
idence at the close of the State's case, should have been
given.

Third. That the court erred in the refusal of the
instructions prayed for by defendant.

It is insisted that the plea of *autrefois acquit* pre-
sents questions of fact, hence should have been submit-
ted to the jury. If this insistence is true, it was error
for the court to sustain the demurrer. On the other
hand, if the allegations in the plea all appear upon the
face of the record, then it was purely a question of law,
and it was for the court to determine it.

We have carefully analyzed the plea, as disclosed
by the record in this cause. It simply pleads the rec-
ord of defendant's acquittal of a criminal charge. In
our opinion, the record before us settles the question of
identity, both of the parties and of the offense.

No one can read the two informations and escape
the conclusion that they are separate and distinct of-
fenses. And this clearly appears upon the face of the
record. The information upon which defendant was
first tried and acquitted charges that the defendant was
public guardian in and for Holt county, and as such
guardian he took charge of the estate of John-Brod-
beck, a person of unsound mind. Then follows the
charge that the defendant embezzled and converted to

his own use $180.94 of the money of said Brodbeck. The information in this cause, upon which defendant was tried and convicted, charges that the defendant was public administrator of Holt county and ex-officio public guardian in and for said county; and as such guardian was ordered by the probate court to act as curator of the estate of one Stella Hahn, a minor. Then follows a charge that the defendant embezzled and converted to his own use $229.36 of the money of said minor, Stella Hahn.

It is apparent that John Brodbeck, a person of unsound mind, mentioned in the first information, is not Stella Hahn, a minor, who is mentioned in the information upon which defendant was tried and convicted. The amounts charged to have been embezzled are different and was the property of different and distinct persons. This all appears upon the face of the record, and it certainly would be unnecessarily delaying the progress of the trial, to submit to a jury a question as to the identiy of John Brodbeck and Stella Hahn— whether they were one and the same person—when it is made so apparent from the record that they were separate and distinct persons.

The record disclosed the full force and effect of the plea, and it appearing upon the face of the record that the offense charged in the information in this cause, upon which the conviction resulted, is not the same offense described in the defendant's plea, the demurrer interposed by the State was an appropriate pleading.

Bishop in his New Criminal Procedure, volume 1, section 816, subsections 4 and 5, says that the question of identity, both of the parties and of the offense, being settled, "the court determines as a question of law whether or not there has been a previous conviction or acquittal." "This must be so, for whether the second indictment charges the same offense as that set forth in the plea can be decided only by an inspection of the record and it is the duty of the court to declare the le-

gal effect of a record which is offered to sustain a plea of *autrefois acquit*. [State v. Rugan, 68 Mo. 214; Martha v. State, 26 Ala. 72; Com. v. Trimmer, 84 Pa. St. 1. c. 70; Gormley v. State, 37 Ohio St. 120.]''

This court, in State v. Williams, 152 Mo. 1. c. 121, after approvingly sanctioning the rule as announced by Bishop, said:

''In a word, it is the accepted doctrine, resting alike upon precedents and reason, that where a plea of former conviction or acquittal on its face shows the defendant is not indicted for the offense described in the special plea, a demurrer is the proper step.''

It is ably and earnestly contended that both informations charged fraudulent conversion of money, and that the date of the conversion is alleged to be the same in both of said charges.

From this, counsel for appellant ingeniously argues that if the conversion was at the same time, even though the money belonged to different persons, it constituted but one offense and having been acquitted of one, it is a bar to the prosecution of the other. In this contention, we can not concur.

Embezzlement by an official, having charge of funds belonging to different persons, even though the conversion may be at the same time, would, in our opinion, constitute separate and distinct offenses.

Under the statute upon which this information is predicated, a trust relation must exist and it is the violation of this relation and the conversion of the fund that constitutes the offense. The defendant was curator of two separate and distinct estates owned by different persons. The funds belonging to each were distinct and presumably kept separate and distinct.

We can not sanction the position of counsel for appellant that defendant's acquittal of a charge of embezzlement of a fund belonging to Brodbeck, in which the charge before us was not included, operates as a

bar to this prosecution for embezzlement of a fund belonging to Stella Hahn, a minor.

We are not unmindful of the many cases cited by appellant, in support of his contention. We have carefully considered them, and no one will dispute the correctness of the principle announced and conclusion reached in those cases. They simply announce the well-recognized doctrine that articles belonging to different individuals stolen at the same time, constitute but one larceny. That is not this case.

There is no trust relation violated in larceny, but in case of an official the fund is confided to his care, and if, by virtue of his position, he has in charge funds belonging to different persons, because he has been found not guilty of embezzling the funds of one of the individuals, furnishes no reason why, if he is guilty of converting to his use the funds of the other, the prosecution should be barred.

While it may be said that he was curator of both estates, by virtue of his office, yet the administration of the estates are separate. The funds are separate, as much so, as if there were two curators.

The charge of embezzling the funds of Stella Hahn were not included in the information upon which defendant was acquitted. At the time of filing his plea, he had never been in jeopardy for the offense charged in the information upon which he was convicted.

It is argued that these two charges could have been included in one information. This may be true, being of a similar nature; but, being the violation of two separate and distinct trusts, they could only be charged in separate counts. This being true, they can be charged in separate informations. The action of the court in sustaining the demurrer to defendant's plea in bar was proper.

Upon the second contention of appellant, that the evidence is insufficient to support the verdict, we have

reached the conclusion that there was substantial evidence to support the finding of the jury.

The amount of the funds belonging to the minor was paid defendant by means of a check upon the bank. This check was honored, and the amount it called for was placed to the credit of defendant, as public administrator. This amount of money, placed to defendant's credit upon the presentation of the check, belonged to Stella Hahn, and was held by the defendant by virtue of his office as curator of her estate. The defendant's settlement shows that there was due Stella Hahn the amount as charged in the information. It was admitted by defendant that he did not have the fund, nor had he paid any part of it to his ward or to her creditors. While it was not shown, by positive and direct evidence, that he had used the money, yet if he did not have it and had not paid it to those entitled to it, was it not a legitimate inference to be drawn by the jury, that he had converted it to his own use? He had charge of the fund, it was his duty to have it at such time as he might be required to pay it over to his successor and the fact that he did not have it, and made no explanation as to what had become of it, fully warranted the jury in concluding that he had converted it to his own use. It may also be added that when he resigned his office, it was his duty, within a reasonable time, to make settlement of his accounts with this ward, and turn over to his duly qualified successor the funds in his hands belonging to the estate. His failure to do this certainly emphasizes the correctness of the conclusion reached by the jury.

The verdict of the jury is amply supported by all the facts and circumstances detailed in evidence.

This leads us to the last proposition, involving the correctness of the instructions given in this cause, and the action of the court in its refusal of those offered by the defendant.

The instructions given on the part of the State and

defendant fully covered every feature of this case. They were full, fair and extremely favorable to the appellant.

Instructions Nos. 2 and 3 asked by defendant were properly refused for the reason that the law sought to be declared by them were fully covered and embodied in instructions given by the court. Instructions Nos. 4 and 5 were properly refused, because the facts, as disclosed by the record, did not warrant such declarations. Instruction No. 7 was appropriately modified and is in harmony with the well-settled law of this State.

Entertaining the views of this cause as herein expressed, the judgment of the trial court is affirmed.

All concur.