THE STATE v. D. H. HAYES, *alias* JAMES MANUEL, *alias* HENRY HUBBLE, Appellant.

Division Two, December 9, 1922.

1. **FORMER JEOPARDY:** Variance: Forgery: Discharge: Possession of Forged Draft. A former information, in a single count, charged that defendant had forged the name of M. J. Miller to a sight draft or cashier's check, and at the trial the evidence showed that the name M. J. Mills had been signed to the instrument, and on account of the variance a *nolle prosequi* was entered, with the consent of the court, and the jury discharged. Thereafter the present information, in two counts, the first charging forgery in the second degree, and the second charging defendant with having in his possession, with intent to defraud, a forged sight draft or cashier's check, was filed, and defendant entered a plea in bar. Both informations were based upon the same forged instrument, which defendant had cashed at a bank other than the one on which it was drawn, and his plea in bar was overruled, and having entered a plea of not guilty he was acquitted on the first count of the second information, and convicted on the second count. *Held,* that the information and the second count of the present information are necessarily different, and charged entirely different offenses, and the plea in bar was properly overruled.

2. **INFORMATION:** Forgery: In Language of Statute. An informa-
tion charging defendant with having in his possession, with in-
tent to defraud, a forged sight draft or cashier's check, purport-
ing to have been drawn and issued by a certain bank, in the
language of the statute, is sufficient.

Appeal from Buchanan Circuit Court.—*Hon. W. H. Utz,*
Judge.

AFFIRMED.

*Jesse W. Barrett,* Attorney-General, and *Henry
Davis,* Assistant Attorney-General, for respondent.

(1)   The trial court properly overruled the plea of
former jeopardy.   The facts necessary to prove the
charges contained in the two informations necessarily
had to be different.   Appellant was convicted of a
different offense from that charged in the original in-
formation.   8 R. C. L. sec. 133, p. 148;  State v. Oakes,
202 Mo. 86, 100;  State v. Williams, 152 Mo. 115;  State
v. Pace, 269 Mo. 687;  16 C. J. p. 243, sec. 380;  State v.
Moore, 66 Mo. 372.   (2)   The count of the information
upon which appellant was convicted charges the pos-
session of a forged draft with knowledge that it was
forged and with a fraudulent intent.   It is in the lan-
guage of the statute and is sufficient in form and sub-
stance.   Sec. 3430, R. S. 1919;  State v. Stark, 202 Mo.
215;  State v. Turner, 148 Mo. 206;  State v. Allen, 116
Mo. 548.   If the instrument described is payable to
accused's order it is not necessary to allege that he in-
dorsed it.   State v. Vincent, 91 Mo. 662.   (3)   On a trial
for the forgery of an instrument the State may prove
as a part of the transaction the manner in which the
money was obtained.   State v. Witherspoon, 231 Mo.
718.   (a)   The court will not reverse a conviction on ac-
count of the exclusion of a question asked by the accused
where the record does not show that the answer would
have benefited accused.   State v. Bobbitt, 242 Mo. 273,

291. (b) Whether or not a bank upon which a certain kind of draft has been forged has received another draft similar in form is immaterial and that sort of evidence should have been refused. It was not of such a nature as to warrant a reversal. (c) The fact that the bank draft and the evidence pertaining to it showed that it was indorsed by the appellant under the name of D. S. Hayes and that the information charged appellant under the name of D. H. Hayes is no ground for refusing to admit the draft in evidence. There were no allegations in the information as to indorsements of the draft. (4) Where the record on the plea in bar, where former jeopardy is alleged, shows that the offenses are distinct, the issue is for the court and not the jury. State v. Williams, 152 Mo. 121; State v. Pace, 269 Mo. 687; State v. Schyhart, 199 S. W. 210. (5) The evidence for the prosecution made out a strong case against appellant for having in his possession a forged instrument, and the court very properly overruled the instructions in the nature of a demurrer to the evidence offered at the close of the State's evidence and again at the conclusion of the whole evidence. (6) The instructions given at the request of the State were in approved form. Sec. 3430, R. S. 1919; State v. Allen, 116 Mo. 548; State v. Stark, 202 Mo. 210. (7) Exceptions for failure to more fully instruct must be taken and saved during the trial to warrant review. State v. Smith, 190 S. W. 288; State v. Cook, 207 S. W. 831; State v. McGruder, 219 S. W. 700.

RAILEY, C.—On September 29, 1921, the Prosecuting Attorney of Buchanan County, Missouri, filed in the circuit court of said county, an information in two counts, charging appellant, in the first count, with forgery in the second degree, and, in the second count, with having in his possession, with intent to defraud, on January 5, 1921, a forged sight draft or cashier's check, purporting to be made and issued by the First National Bank of Muskogee, Oklahoma.

On the 17th of October, 1921, appellant filed a plea in bar, which was overruled by the trial court, and on said date the cause was tried, and appellant was acquitted on said first count, and convicted on the second count. His punishment was assessed at imprisonment in the Penitentiary for a term of three years. Judgment and sentence were rendered in accordance with the verdict of the jury, from which defendant appealed to this court.

The evidence of the State shows that appellant was introduced to a real estate agent at St. Joseph, Missouri, by the name of Jones, on the morning of January 5, 1921; that he then told Jones he was a retired farmer from Muskogee, Oklahoma, and wanted to purchase some real estate as soon as possible. Jones showed him the property of a Mrs. Hayes, and he agreed to buy it. Appellant then went with Jones to the office of an attorney by the name of Kelly. The contract of purchase was prepared by Kelly, and the appellant had Mrs. Hayes sign it. Defendant then went to the bank of Buchanan County, Missouri, and cashed a sight draft, purporting to have been made and issued by the First National Bank of Muskogee, Oklahoma. After being shown endorsements by Jones and others, identifying appellant, the Bank of Buchanan County aforesaid paid appellant the amount of the draft or $625. The teller of the Buchanan County Bank, after the draft had been taken by it, noticed something peculiar about it, and after discussing the same with the cashier, the latter wired the bank at Muskogee. He asked if such a draft had been issued to D. H. Hayes. The Muskogee bank answered in the negative, and said it was a forgery.

Mr. J. W. Hockman, the cashier of the First National Bank at Muskogee, Oklahoma, testified, in behalf of the State, that during the year 1921, M. J. Mills was not connected with the Muskogee bank, as assistant cashier, although he at one time occupied such a position. The draft in controversy was shown witness and, after tes-

tifying that he was familiar with the hand-writing of M. J. Mills, said that the signature to said draft was not in the handwriting of said Mills, and that said draft was not issued by his bank. This witness also said his bank had not used that form of draft for many years.

Appellant offered in evidence the records of the previous term of the Buchanan Circuit Court pertaining to the forgery charge then pending against him. The court records disclosed that, at a previous term of said court, a jury was sworn to try a case against appellant, wherein the information, in a single count, charged the forgery of an instrument, in all particulars, the same as the draft described in the first count of the information herein, except that the name alleged to have been forged in the first information was Miller instead of Mills.

The prosecuting attorney was sworn, and testified that he had never been in possession of but one forged instrument, which is the one described in the present information and used as a basis for this prosecution. He said both informations were intended to be founded on the same draft or check. After the jury was sworn at the former term of said court, the prosecuting attorney offered in evidence the above draft or check, and the same was objected to by counsel for appellant on the ground that there was a variance between the one introduced and that described in the first information. The latter charged that the name of M. J. Miller, assistant cashier, had been forged by appellant. The court sustained appellant's objection on account of said variance, and thereupon the prosecuting attorney, with the permission of the court, entered a *nolle prosequi* as to the first information, and discharged the jury that was called to try appellant under the same. Defendant herein offered in evidence all the record, proceedings and evidence in the former case in support of his plea in bar, which said plea was overruled. Thereupon appellant waived a formal arraignment, entered a plea of not guilty, and the case proceeded to a final determination as heretofor stated.

Such other matters as may be deemed of importance will be considered in the opinion.

Appellant has filed no brief in this cause, but in his motions for a new trial, and in arrest of judgment, has assigned certain errors, alleged to have been committed by the trial court, which will be considered in the opinion.

I.  It is contended that error was committed by the trial court in overruling his plea in bar.

The former information, in a *single* count, charged that appellant forged the name of M. J. Miller to the draft, or cashier's check therein described.  After a jury had been empaneled and the trial of appellant commenced under the *former* information, the State offered in evidence the draft or cashier's check *described* in the *present* information, which *purports* on its face to have been signed by *M. J. Mills* and not *M. J. Miller*.  Appellant objected to the introduction of said instrument in evidence, on the ground that there was a *variance* between it and the instrument described in the former information.  The above objection was sustained.  Thereupon the prosecuting attorney asked leave to amend the former information by inserting the name of M. J. Mills, where the name of *M. J. Miller* appears.  The court refused to permit the above amendment, over the objection of appellant, and thereupon the prosecuting attorney, with the consent of the court, entered a *nolle prosequi* in said cause, and the jury was discharged.  The present information was then filed, appellant was formally arraigned, and entered his plea of not guilty.

The former information charged appellant with the crime of forging the name of Miller to said draft, while the second count of the present information, *under which appellant was convicted,* charged him with feloniously having in his possession, on January 5, 1921, with intent to defraud, and pass the same as genuine, a forged draft or cashier's check, purporting to have been signed by

M. J. Mills. The facts necessary to prove the charges in the former information and in the second count of present information, are necessarily different. In other words, defendant was convicted of an entirely different offense from that charged in the former information. We are of the opinion that the trial court was within the law in overruling appellant's plea in bar. [Sec. 3428, R. S. 1919; Sec. 3430, R. S. 1919; State v. Moore, 66 Mo. l. c. 374; State v. Hays, 78 Mo. l. c. 605-6; State v. Williams, 152 Mo. l. c. 122-3; State v. Laughlin, 180 Mo. 342; State v. Oakes, 202 Mo. l. c. 100, 100 S. W. 434; State v. Schyhart, 199 S. W. (Mo.) 205; State v. Pace, 269 Mo. l. c. 687, 192 S. W. 428; 8 R. C. L. sec. 133, p. 148 and cases cited; 16 C. J. p. 243, sec. 380; Morey v. Commonwealth, 108 Mass. 433; Hooper v. State, 30 Tex. App. 412, 17 S. W. 1066; Gavieres v. United States, 220 U. S. 338; Ebeling v. Morgan, 237 U. S. 625.]

II. It is insisted that the court committed error in failing to give defendant a peremptory instruction at the close of the trial. Appellant introduced no evidence in this case, aside from that relating to the plea in bar, which was overruled, and some facts brought out on the cross-examination of the State's witnesses. There was not only substantial evidence produced by the State, tending to show that defendant was guilty of the crime charged against him in the second count of information upon which he was convicted, but we are of the opinion that the evidence as to his guilt was clear and convincing. The court committed no error in overruling appellant's demurrer to the evidence.

Substantial Evidence.

III. The second count of the information on which defendant was convicted, is in the language of the statute, and is sufficient as to both form and substance. [Sec. 3430, R. S. 1919; State v. Stark, 202 Mo. l. c. 215; State v. Turner, 148 Mo. l. c. 207; State v. Allen, 116 Mo. l. c. 552.]

Information.

IV.   The motion for a new trial trial does not charge that any of the seven instructions given by the court were erroneous or improper in any particular.   We are of the opinion that said instructions prop-

Instructions.

erly declared the law, and that no other instructions were necessary to enable the jury to properly pass upon the merits of the case.

V.   The motion for a new trial alleges that the court erred in admitting, over the objections of defendant, incompetent and immaterial evidence.   It also charges that the court erred in rejecting competent, relevant and material evidence offered by appellant.

Competent
Evidence.

We read the record, in considering the demurrer to the evidence, and found therein no adverse rulings of the court in respect to above matters of which the defendant can legally complain.

VI.   We are of the opinion that this case was well tried; that defendant was properly convicted under the second count of information upon substan-

Conclusion.

tial evidence; and that no errors were committed against him of which he can legally complain.

The judgment below is accordingly affirmed.   *White* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court.   All of the judges concur.