[No. 1532, August 28, 1913.]

TERRITORY OF NEW MEXICO, Appellee, v. COMMIE E. PRATHER, Appellant.

### SYLLABUS (BY THE COURT)

1.  The jury must be selected, empaneled and sworn in the manner required by the statute, and a material departure from the statutory method, by which a party is deprived of a substantial right, is ground for reversal.

P. 199

2.  Where the statute requires the jury to be selected by lot, all other methods are impliedly prohibited, and the right to have the jury so selected is a substantial right, the deprivation of which must be presumed to be prejudicial to a party.

P. 201

3.  Sections 995, 997, 1001 and 1002, R. S. 1897, construed, and held to require the selection of jurors, summoned upon a special venire, by lot.

P. 204

Appeal from the District Court of Chaves County; John T. McClure, District Judge; reversed and remanded.

K. K. Scott; O. O. Askren, for appellant.

Court erred in not selecting a jury as required by law. C. L. 1897, secs. 995, 997, 1001 and 1002; 7 How. Pr. 441.

Jurymen must be obtained from ballots, folded and placed in a box by the clerk, and not by calling the names as they appear, in order, on the list of the special venire. Territory v. Carmody, 8 N. M. 376.

Hearsay testimony is not admissible. Mitchell v. State, 114 Ala. 1, 22 So. —; Baldwin v. St. L. K. & N. R Co., 68 Iowa 37, 25 N. W. 918.

It was imperative for the prosecution to show by competent testimony that the said Satterwhite was without the state, as a predicate precedent to the proof of Satterwhite's testimony, given on a former trial. Kitchner v. Laughlin, (N. M.) 23 Pac. 175.

Mr. Young testified from hearsay only, therefore court erred. Drigger v. U. S. (Okla.) 95 Pac. 612.

"Before any proof whatever of the former testimony of an absent witness is admissible, it must be proved that such witness is absent from the state, either permanently or for such an indefinite time that his return is merely contingent or conjectural, or that said witness cannot with due diligence be found within the state." Reynolds v. U. S. 98 U. S. 145; Harris v. State, 73 Ala. 495; Thompson v. State, 106 Ala. 67, 17 So. 512; Louisville & N. R. Co. v. Whitely Co., 100 Ky. 413, 38 S. W. 678; State v. Able, 65 Mo. 357; Reynolds v. Fitzpatrick, 28 Mont. 170, 72 Pac. 510; Young v. Sage, 42 Neb. 37, 60 N. W. 313; Jackson D. Potter v. Bailey, 2 Johns. 17; Powell v. Waters, 17 Johns. 176; Crary v. Sprague, 12 Wend. 41, 27 Am. Dec. 110; Draper v. Stanley, 1 Heisk 432; Piano Mfg. Co. v. Parmenter, 56 Ill. App 258; Edwards v. Edwards, 93 Iowa 127, 61 N. W. 413; Lesassier v. Dashiell, 14 La. S. 467.

It is prerequisite to the admission of a transcript of testimony, taken on a former trial of the case, that such transcript be proved to be a correct statement of the former testimony. Wollen v. Wire, 110 Ind. 251, 11 N. E. 236; Morris v. Hamerle, 40 Mo. 489; Coughlin v. Hauessler, 50 Mo. 126; Mattox v. U. S., 156 U. S. 237; Burnett v. State, 87 Ga. 622, 13 S. E. 552; Luetgert v. Volker, 153 Ill. 385, 39 N. W. 113; Smith v. Scully, 66 Kans. 139, 71 Pac. 249; People v. Sligh, 48 Mich. 54, 11 N. W. 782; Reynolds v. Fitspatrick, 28 Mont. 170, 72 Pac. 510.

Earl Iden should have been sworn as a witness and testified in the presence of defendants of what the former testimony of Satterwhite was, refreshing his memory from his notes taken at the former trial. Reid v Reid, 73 Cal. 206, 14 Pac. 781; People v. Carty, 77 Cal. 213, 19 Pac. 490; Cerrusite Min. Co. v. Steele, 70 Pac. 1090; Stayner v. Joyce, 120 Ind. 99, 22 N. E. 89; Herrick v. Swomley, 56 Md. 462; Byrd v. Hartman, 70 Mo. App. 57; State v. Ambrose, 47 Neb. 233, N. W. 306; Jordon v. Howe, 95 N. W. 853; People v. Lee Fat, 54 Cal. 527; Kean v. Com., 10 Ky. 190, 19 Am. Rep. 63.

An oath is essential before any testimony whatever may be introduced against the accused, except dying declaration. State v. Williams, 49 W. Va. 220, 38 S. E. 495; Coleman v. State, 43 Tex. Crim. 15, 63 S. W. 322; Chappell v. State, 71 Ala. 322.

Statute does not declare the legal value of such stenographic notes as evidence. Kirchner v. Laughlin, (N. M.) 23 Pac. 175.

Court erred in telling the jury to consider the paper as read to them to be the testimony of the said Satterwhite in this trial, the same as if he were present in person and testifying. Jackson v. Bailey, 2 Johns. 17; Ballenger v. Barnes, 14 N. C. 460; State v. Hooker, 17 Vt. 658; Quinn v. Halbert, 57 Vt. 178; State v. Fetterly, (Wash.) 74 Pac. 810.

Supreme Court shall examine the record and on the facts therein contained alone shall award a new trial, re-

verse or affirm the judgment of the district court     Laws 1907, ch. 57, sec. 38.

FRANK W. CLANCY, Attorney General; HARRY S. CLANCY, Assistant Attorney General, Santa Fe, N. M., for appellee.

The jury was properly empaneled. C. L. 1897, sec. 1002.

No error in·the special instruction given by the court. Territory v. Donahue, 16 N. M. 17.

Where an instruction given is identical in principle with one which is refused the refusal is not error. City of Chicago v. Moore, 28 N. E. 1071; Chicago Trans. Co. v. Kinnare, 115 Ill. App. 115; Chicago U. T. Co. v. Leach, 117 Ill. App. 167-74; Franks v. Matson, 71 N. E. 1011; Glove Co. v. Trans. Co., 106 N. E. 749; Hirte v. Railway Co., 106 N. E. 1068; R. R. Co. v. Anderson, 56 N. E. 331; Coal Co. v. Haenni, 35 N. E. 162; Chicago U. T. Co. v. Jacobson, 75 N. E. 508; Kyle v. People, 74 N. E. 146; Chicago v. Moore, 28 N. E. 1071; Railway v. Matthewson, 72 N. E. 443; State v. Stockhammer, 75 Pac. 810.

"When the substance of requested charges has been fully given in instructions, it is not error to refuse to repeat the instructions, though expressed in different language." Kennard v. State, 28 So. 858.

Error assigned upon the admission of the transcript in the present case is a mere technicality. Under all the circumstances and in the absence of any reason to believe that defendant was in any way prejudiced, we submit that the ends of justice will be better served by disregarding this objection. 1 Thompson Trials, sec. 200; People v. Cleminson, 250 Ill. 163; Wallace v. People, 159 Ill. 446; Jennings v. People, 189 Ill. 320; Barbor v. People, 203 Ill. 543; Wistrand v. People, 218 Ill. 323.

## OPINION BY THE COURT.

ROBERTS, C. J.—This is an appeal from a conviction of murder in the second degree. The regular panel of jurors having been exhausted, before completion of the

trial jury, a special venire was issued, for twenty additional talesmen. The return of the sheriff showed service upon seventeen of the said talesmen, all of whom were placed in the box and examined as to their general qualifications to serve as jurors; four were excused for various reasons, leaving thirteen names upon the list, qualified to serve as jurors. The names of the thirteen jurors, so found to possess the general qualifications required, were not written on separate slips of paper and placed in a box and withdrawn therefrom, but were called from the list returned by the sheriff, in the order in which their names appeared upon the list. When the first name was called, appellant objected, and asked that the thirteen names be written on separate slips, placed in a box and drawn by lot. His objection was overruled and the request refused, the trial court holding that only the names of jurors upon the regular panel were required to be written upon separate slips and drawn by lot, and that the jurors upon the special venire, under the statute were required to be called from the list returned by the sheriff, in the order in which their names appeared upon the list. Appellant renewed his objection as each juror was called, and exhausted all of his peremptory challenges, and there yet remained upon the list the names of four jurors who had not been called into the jury box. Thus it will be seen that appellant is without the rule announced by the Supreme Court of Louisiana, in the case of State v. Dorsey, 40 La. Ann. 739, which is stated in the syllabus as follows:

"An objection to the effect that the names of persons who are summoned as tales jurors were not written on ballots and placed in the venire box and drawn therefrom, but that the same were called from a list that was made out and furnished to the counsel by the sheriff, will not prevail in case it appears that the entire list was exhausted before the panel was completed."

The jury must be selected, empaneled and sworn in the manner required by the statute, and a material departure from the statutory method, by which a party is deprived of a substantial right is ground for reversal.

24 Cyc. 255. Where the statute requires the jury to be selected by lot, all other methods are impliedly prohibited; Territory v. Carmody, 8 N. M. 376, and the right to have the jury so selected is a substantial right, the deprivation of which must be presumed to be prejudicial to a party. A statute of Alabama required the name of each juror to be written upon a separate slip of paper, folded, placed in a box and drawn therefrom by lot. The provision was disregarded by the trial court, and the names were called from the list returned. The Supreme Court in discussing the question say:

"On the trial, in such a case, the statute directs how the jury shall be drawn. This statute confers certain rights upon the accused, which enable him to obtain a fair and impartial trial, * * * * * The directions thus given are peremptory. They cannot be disregarded by the Courts. Ex Parte Chase, 43 Ala. 303; 3 Chitty's Gen. Pr., 53, 54, 56. The names of the jurors must be written on separate slips of paper, and each name by itself, folded or rolled up, placed in a box or some substitute therefor, and shaken together, and then the slips drawn out, one by one, until the jury is completed, as prescribed in the statute. Brazier v. State, 44 Ala. 387."

The object of statutes requiring the drawing of jurors by lot, is to secure for the trial of a cause, fair and impartial jurors. By leaving the selection of jurors to chance, the parties are never able to know in advance that any particular person will be called into the jury box, hence the temptation to tamper with jurors is to some extent removed. Again, such statutes remove from the court or sheriff the power to place any particular juror in the box for the trial of a case. "In the United States, the usual mode for presenting jurors for acceptance or rejection is by drawing from a box or receptacle, ballots, slips, or substitutes therefor containing the names of persons summoned or directed to attend, which have been placed therein in accordance with the requirements of law." 12 Encl. Pl. & Pr., 375.

In the case of State v. Holmes, 54 Mo. 153, the Supreme

Court of Missouri construed a statute of that state, with reference to the empaneling of juries, which provided that the sheriff or other officer summoning a jury, should deliver to the clerk a list of all jurors summoned, who should strike from the list the names of all persons excused by the court or challenged for cause, or peremptorily challenged by the parties; and that the clerk should record in his minute book the first twelve names remaining on the list; and that the jurors whose names were thus recorded, should be the jurors to try the cause for which they were selected. In the case decided, two of the persons, whose names were among the first twelve on the list, were omitted to be called, and were thereby excluded from the jury. The Court say:

"The law is peremptory, that the first twelve names remaining on the list shall be recorded, and that the names thus recorded shall be the jury to try the cause for which they are selected. The first twelve constitute the properly selected jurors, and neither party can be deprived of this selection without his consent. * * * * If the court may refuse to have two called among the first twelve, it may refuse a half dozen, and if it is not bound to take the first twelve it may take the last twelve. Such a practice would not only set at defiance the plain mandates of the statute, but it would lead to a confusion and uncertainty utterly destructive of the rights of the parties."

Where the statute requires that the jurors must be selected by lot the statutory form must be followed. Thompson on Trials, 2nd ed., sec. 96. It will thus be seen 2 that if the statute requires the jurors to be so selected, and jurors are selected in some other manner, over a party's objection, it is reversible error. It therefore remains to be determined whether the statute of New Mexico requires the selection of jurors, summoned to complete the panel, where the regular panel has been exhausted, to be by lot. The sections of the statute relating to this subject are contained in C. L. 1897, and read as follows:

"Sec. 995. At the opening of the court the clerk must prepare separate ballots, containing the names of the per-

sons returned as jurors, which must be folded as nearly alike as possible, and so that the name cannot be seen, and must deposit them in a sufficient box."

"Sec. 997.    Before the name of any juror is drawn, the box must be closed and shaken, so as to intermingle the ballots therein; the clerks must then, without looking at the ballots, draw them from the box, through a hole in the lid, so large only as conveniently to admit the hand."

"Sec. 1001.    The jury consists of twelve men, chosen by lot, as prescribed in this chapter, and sworn to try and determine the issue by a unanimous verdict."

"Sec. 1002.    If a sufficient number cannot be obtained from the box to form a jury, the court may, as often as is necessary, order the sheriff to summon so many persons qualified to serve as jurors as it deems sufficient to form a jury; the jurors so summoned must be called from the list returned by the sheriff, and so many of them, not excused or discharged, as may be necessary to complete the jury, must be empaneled and sworn."

It is contended by the State that sec. 1002, supra, requires the names to be called from the list of special venire returned by the sheriff, and that the provisions of section 995 and 997 apply only to the regular panel. It is hardly to be presumed that the legislature intended to adopt one method for calling the names on the regular panel and another distinct and different method for those on the special venire. The reasons for the selection of trial jurors by lot would appear to be the same in either case. But it is contended that the legislature, by the language employed in section 1002, viz:—"the jurors so summoned must be called from the list returned by the sheriff." meant that the juror must be called from such list into the trial jury box to be examined on his voir dire in the order in which his name appeared upon such list, without such name being placed in a box by the clerk and drawn by lot The practice, universally followed in New Mexico, has been to call the jurors, from the list returned by the sheriff, into the jury box, to be examined as to their general qualifications as jurors, and so many, as are found to possess

such general qualifications, and as are not excused by the court, are retained as jurors and their names are placed in a box, in the same manner as are the names on the regular panel, and drawn therefrom by lot, as required, until the panel is complete or the names exhausted. And such we believe to be the correct interpretation of the statute. "The jurors so summoned must be called from the list" refers simply to the preliminary examination of the proposed jurors, as to their general qualification, and the making up by the clerk of the list of names which he places in the box, upon separate slips of paper. It was intended, evidently, that all the names upon the list returned by the sheriff should be called, and the persons summoned should be examined as to their general qualification for jury duty, and from the list of those found eligible for jury duty the jury in the particular case should be selected, but by lot, as in the case of the regular panel, for section 1001 says, "the jury consists of twelve men, chosen by lot, as prescribed in this chapter," etc. If we should hold that the names of jurors summoned to complete the panel need not be drawn by lot, then section 1001 would necessarily be limited in its meaning and application to a jury selected from the regular panel. But it is contended that the language used in section 995, supra, indicates that its provisions only apply to the regular panel, viz:—"At the opening of the court the clerk must prepare separate ballots," and it would be impossible for the clerks to prepare separate ballots, containing the names of jurors upon the special venire in the manner prescribed. But if we consider the entire statute, the object in view, the purpose to be accomplished, the evident intent of the legislature, it will be seen that the various sections can be brought into accord and a sensible and intelligent effect given to each in furtherance of the general design of the legislature. All the sections of the statute under consideration were enacted at the same time as a part of one act. It was the evident purpose to provide for the selection of jurors by lot. To give to section 995 the narrow construction contended for by the State would preclude the selection of jurors by

lot, where it was necessary to issue a special venire to complete the panel, because it would be impossible to place their names in the box at "the opening of court."

"In the exposition of a statute the intention of the law maker will prevail over the literal sense of the terms; and its reason and intention will prevail over the strict letter.

"When the words are not explicit the intention is to be collected from the context; from the occasion and necessity of the law; from the mischief felt and the remedy in view; and the intention is to be taken or presumed according to what is consonant with reason and good discretion." 1 Kent's Com., 461.

In enacting this statute it is apparent that the prime object in view was the selection of trial jurors by lot, and to give to section 995, supra, the construction suggested would practically destroy the entire act, and defeat the evident purpose. The provision in question, requiring the clerk, "at the opening of the court," to perform the named duties, at most is only directory, Lewis Sutherland Stat. Cons., sec. 612, and is satisfied by the performance of the duties imposed at any time prior to the drawing of the names of the jurors from the box.

The trial court erred in calling the jurors for their voir dire examination from the list returned by the sheriff, instead of having such names drawn by lot, as required by the statute, over appellant's objection. For the error thus committed, this cause is reversed and remanded, and a new trial is ordered.