[No. 3290.    April 5, 1928.]

STATE v. ROMERO.

[267 Pac. 66.]

O. O. Askren, of Santa Fe, for appellant.

R. C. Dow, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

WATSON, J. Appellant was convicted of embezzlement under Laws 1923, c. 70, § 1, making a shortage in the money or property for which a public officer is accountable prima facie evidence of guilt. He interposed a plea of former conviction to which the state filed a reply. Evidence was heard by the court, a jury having been waived, and the plea was overruled. This action presents the only question raised on the appeal.

From the facts admitted and proven under the plea, it appears that from an audit of appellant's accounts, as county clerk, made under direction of the comptroller, and completed May 20, 1926, a shortage of slightly over $3,000 was disclosed. Of this shortage $1,330.25 was in the district court fund and $189.08 was in the probate court fund. The balance was evidently in some other fund or funds for which appellant was accountable. While the audit satisfactorily fixed the total amount of the shortage, and apportioned it among the different funds, it was impossible to produce proof of the taking or conversion of any particular amount at any particular time.

The district attorney exhibited two informations against appellant—the one charging, in substance, that from March 1, 1925, to May 31, 1926, he was county clerk and ex officio clerk of the district court of San Miguel county, and by virtue of said office had been intrusted with certain moneys belonging to said county, and that on May 31, 1926, he embezzled therefrom the sum of $1,330.25. The other information was exactly similar, except that appellant's office was described as county clerk and ex officio probate clerk, and the sum embezzled laid at $189.-08. Upon the first information described appellant was tried and convicted and judgment pronounced. It is upon

the second information described that the present conviction was had and to which the plea was interposed.

The broad question is whether appellant was a second time "put in jeopardy for the same offense." Constitution, art. 2, § 15. The state suggests that the proper test is whether the first information was such that a conviction could have been had upon the same facts required to support the second. This is a test frequently applied. U. S. v. Aurandt, 15 N. M. 292, 107 P. 1064, 27 L. R. A. (N. S.) 1181. In a case where the only available proof of conversion is a $3,000 shortage in accounts, such proof would sustain a conviction of embezzlement of $189.08 from the county on May 31, as well as an embezzlement of $1,330.25 from the county on May 31. But for one difference in the informations and the proofs, appellant's case would meet the test which the state suggests. The difference is the allegation in the one information of appellant's capacity as ex officio clerk of the district court, and in the other of his capacity as ex officio clerk of the probate court. These different capacities involve the keeping of separate cashbooks and funds, and it was possible to show the amount of shortage in each.

Appellant contends that the unnecessary allegation of the different capacities in which the moneys were received was a mere device to make two crimes out of the same transaction. The state's position is that the conversion of two separate funds is the same as conversion from two separate owners, and that the state had the option, if it was not required, to consider the shortage in each fund as a separate offense.

No case directly in point has been cited. Appellant relies upon State v. Sampson, 157 Iowa, 257, 138 N. W. 473, 42 L. R. A. (N. S.) 967, and the cases collected in the note entitled "Larceny; Stealing Property from Different Owners at the Same Time as Distinct Offenses." The author's conclusions are that by clear weight of authority such a transaction may be prosecuted as a single offense; that, while many of the cases cited are not direct authority that the state may not elect to prosecute as for

separate offenses, yet most of them take grounds inconsistent with such right of election; and that, considering the cases directly deciding the point, they are quite evenly divided as to whether "conviction or acquittal upon a charge of taking the property of one of the persons will constitute a bar to a prosecution upon a charge of taking the property of another." See, also, Mr. Freeman's elaborate note in 92 Am. St. Rep. 89, where, at page 118, he says:

"The better reason and the weight of authority is that the circumstance of different ownerships does not convert one taking into several larcenies."

This note, at page 129, refers to the interesting distinction made in Texas between former acquittal and former conviction, to the effect that former conviction bars further prosecution for articles of other owners taken as part of the same transaction, while a former acquittal does not. Simco v. State, 9 Tex. App. 338.

As applying these principles to embezzlement, appellant cites People v. Preciado, 31 Cal. App. 519, 160 P. 1090. As distinguishing larceny and embezzlement in this respect, the state cites, State v. Laughlin, 180 Mo. 342, 79 S. W. 401.

Although these two lines of cases are suggestive, they are not to the point, and we need not decide between them. The property of different owners is not here involved. Both sums were alleged to be the property of the county of San Miguel. The state could prove but one taking—that which the statute implies from the fact of shortage. The offense was the taking. Consequently but one transaction is involved. Only by the distinguishing allegations mentioned was the essential proof varied in the two cases. Clearly under our statute it is unnecessary to set up the particular fund from which a public official has embezzled.

Admitting that, because of the unnecessary allegations, the two cases required different proof, we do not think that the question is thus disposed of. Identity of proof is but a test. The real question is the identity of the offense. Mr. Freeman, in the note cited, says, at page 117:

"But the same 'offense' cannot be split into many parts and made the subject of innumerable prosecutions. A theft of one thousand dollars is one theft and not a thousand thefts, and the accused can be prosecuted but once for that offense. The fact that the first prosecution was for less than the entire amount stolen can make no difference. The prosecution cannot thus split up into an indefinite number of charges what was in fact but one act and offense."

It is our view that the state was in a position to prove but one offense against appellant. Of that he was formerly convicted, and could not lawfully be put in jeopardy again. It would be as illogical and unjust to permit this offense to be split because of the separate funds from which the money was abstracted as to permit a larceny from the person to be split because a part was taken from one pocket and a part from another. Storm v. Territory, 12 Ariz. 26, 94 P. 1099, State v. Sterling Freeman, 162 N. C. 594, 77 S. E. 780, 45 L. R. A. (N. S.) 977, and State v. Burgess, 268 Mo. 407, 188 S. W. 135, cited by appellee, have been carefully read, but are thought not to support the state's contention.

The court erred in overruling the plea. The judgment must be reversed, and the cause remanded, with direction to discharge the accused, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.