545 P.2d 1025
**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Gerald S. BOLEN, Defendant-Appellant.**

**No. 2162.**

Court of Appeals of New Mexico.

Jan. 13, 1976.

Certiorari Denied Feb. 11, 1976.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, John Zavitz, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., F. Scott MacGillivray, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted of burglary and two larcenies. He was sentenced to three prison terms, to be served consecutively. His appeal raises three issues: (1) the single larceny doctrine; (2) double jeopardy; and (3) consecutive sentencing.

A bicycle shop and a ski shop, separately owned, were located in one room divided by low walls. Each shop had a separate cash register. Defendant stole money from each cash register.

*Single Larceny Doctrine*

2 Anderson, Wharton's Criminal Law and Procedure, § 451 (1957) states: "The stealing of property from different owners at the same time and at the same place constitutes but one larceny." The annotation at 37 A.L.R.3d 1407 (1971), page 1409 states that the overwhelming majority of jurisdictions follow this doctrine. The issue in this case has not been specifically decided in New Mexico although several decisions have considered aspects of the doctrine. See *State v. Allen,* 59 N.M. 139, 280 P.2d 298 (1955); *State v. Romero,* 33

N.M. 314, 267 P. 66 (1928); *State v. Klasner,* 19 N.M. 474, 145 P. 679 (1914).

The doctrine has been rationalized on the ground that the "taking is one continuous act or transaction" and on the ground of double jeopardy. Annot. 37 A.L.R.2d, supra, pages 1409–1410. Such rationalizations may not be valid in New Mexico because the same transaction test has been repudiated and because of the approved tests for determining double jeopardy in New Mexico. *State v. Tanton,* 88 N.M. 333, 540 P.2d 813 (1975).

■ However, we need not determine whether the single larceny doctrine is valid. We need not do so because the doctrine is not applicable to the facts of this case. The doctrine is limited to cases wherein the taking occurred at one time and one place. Annot. 37 A.L.R.3d, supra, page 1414. Wharton's Criminal Law and Procedure, supra, states:

"If different articles are taken from different owners at different times, the defendant is guilty of separate larcenies. Accordingly, if on the same expedition there are several distinct larcenous takings, as taking the goods of one person at one place, and afterward taking the goods of another person at another place, and so on, as many crimes are committed as there are several and distinct takings, and this is true although the thefts may all have been committed in rapid succession and in pursuance of a formed design to steal."

Although committed at the same place and in rapid succession, the robbery of three stagecoach passengers was three distinct offenses. *In Re Allison,* 13 Colo. 525, 22 P. 820 (1889). Where articles are stolen from different rooms of the same house from different owners, each theft is a separate offense. *People v. Sichofsky,* 58 Cal.App. 257, 208 P. 340 (1922). The

taking of cattle belonging to different owners at the same time and from the same place is one larceny; the taking of cattle belonging to different owners from different pastures is more than one larceny. *Hall v. State,* 66 So.2d 863 (Fla.1953). Property taken from five different owners from different places in the same wagon-yard was five larcenies because each taking was a distinct offense. *State v. Maggard,* 160 Mo. 469, 61 S.W. 184 (1901).

The facts show a taking from each cash register. The registers were in different locations; the money taken was the property of separate owners. The factual predicate for the doctrine is lacking because taking the money from two cash registers did not occur at the same time and place.

*Double Jeopardy*

■ Relying on the same evidence test reaffirmed in *State v. Tanton,* supra, defendant asserts that conviction of two larcenies amounts to double jeopardy. The State proved thefts from separate cash registers. Proof of theft of money from the bicycle shop would not have proved theft of money from the ski shop. The evidence was not the same.

*Consecutive Sentencing*

■ Defendant claims his consecutive sentences violate the prohibition against double jeopardy and the prohibition against cruel and unusual punishment. These contentions were not raised in the trial court; they will not be considered. *State v. Brakeman,* 88 N.M. 153, 538 P.2d 795 (Ct. App.1975).

Oral argument is unnecessary. The judgment and sentence are affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.