553 P.2d 1260
**STATE of New Mexico, Petitioner,**
v.
**Nick B. CLOKEY, Respondent.**
**No. 10924.**

Supreme Court of New Mexico.
July 8, 1976.

Toney Anaya, Atty. Gen., Raymond Hamilton, Asst. Atty. Gen., Sante Fe, for petitioner.

Jan Hartke, Chief Public Defender, Bruce L. Herr, App. Defender, Sarah Michael Singleton, Asst. App. Defender, Santa Fe, for respondent.

OPINION

McMANUS, Justice.

Respondent's motion for rehearing is granted. As a result, the opinion in this case filed on the 22nd day of June, 1976, is withdrawn and the following opinion is substituted therefor.

The defendant-respondent was charged with and found guilty of the crime of robbery contrary to § 40A–16–2, N.M.S.A. 1953 Comp. (2d Repl.Vol. 6, 1972). The trial was before a twelve-person jury in the district court of Santa Fe County. Defendant appealed from this conviction and the Court of Appeals, in its memorandum opinion No. 2479, dated April 13th, 1976, reversed, "because the facts of this case do not establish the element of use of force or threatened use of force in the crime of robbery. *State v. Baca*, 83 N.M. 184, 489 P.2d 1182 (Ct.App.1971)." We granted certiorari.

The question of whether or not the snatching of the purse from the victim was accompanied by sufficient force to constitute robbery is a factual determination, within the province of the jury's discretion. On appeal the evidence must be viewed in its most favorable light in support of the finding of the trial court. *State v. Bidegain*, 88 N.M. 466, 541 P.2d 971 (1975). Assuming that the docketing statement, which was filed by the defendant-respondent, presents the facts accurately, and viewing these facts in the light most favorable to the State, we conclude that the evidence supported the verdict of the jury that the snatching of the purse was accompanied by force sufficient to convert the crime from larceny to robbery.

We reverse the Court of Appeals as to all the issues involved in the docketing statement with the exception of the issue designated as 4(c) in said docketing statement, and quoted:

"The Court committed error in refusing to grant a mistrial because one of the jurors did not reveal the fact that he knew the Defendant. This issue was presented to the Court at the end of the trial when the Defendant finally realized that there was a juror who had grown up with the Defendant."

This cause is remanded to the Court of Appeals for their determination of this single issue.

IT IS SO ORDERED.

OMAN, C. J., and MONTONA and SOSA, JJ., concur.

EASLEY, J., not participating.