559 P.2d 1220
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Phillip BOEGLIN, Defendant-Appellant.**

**No. 2662.**

Court of Appeals of New Mexico.

Jan. 18, 1977.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, Santa Fe, for appellant.

Andrea Buzzard, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

A store was broken into, the glass in a showcase was smashed and five pistols taken. Defendant was apprehended within two to five minutes after the store's silent alarm was triggered. He has been convicted of aggravated burglary and five counts of larceny. Issues listed in his docketing statement, but not briefed, are deemed abandoned. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976). Two issues are presented. They involve: (1) the order of exercising peremptory challenges, and (2) the number of larcenies committed.

*Peremptory Challenges*

Rule Crim.P. 39(b) states: "The State shall accept or make any peremptory challenge as to each juror before the defense is called upon to pass, accept or exercise a peremptory challenge as to the juror." See also § 19–1–14, N.M.S.A.1953 (Repl.Vol. 4).

Over defendant's objection, the trial court required the parties to exercise their peremptory challenges alternately. This violated the rule and is reversible error if defendant has been harmed by the error. Defendant asserts he was harmed because he exercised all of his peremptory challenges; he thus distinguishes *Territory v. Padilla*, 12 N.M. 1, 71 P. 1084 (1903) where all peremptory challenges were not exercised. Defendant refers us to *Territory v. Prather*, 18 N.M. 195, 135 P. 83 (1913) which holds that a jury must be selected in the required manner and a material departure from the required manner is grounds for reversal if a party has been deprived of a substantial right.

Defendant makes no claim that he has been harmed by use of the alternate method in exercising peremptory challenges. He does not claim that the jurors who tried the case were other than fair or impartial or that his peremptory challenges would have been exercised differently if the trial court had complied with the rule. See *State v. Sanchez*, 58 N.M. 77, 265 P.2d 684 (1954). The error did not amount to reversible error. *State v. Sluder*, 82 N.M. 755, 487 P.2d 183 (Ct.App.1971); *State v. Gonzales*, 82 N.M. 388, 482 P.2d 252 (Ct.App.1971).

*Number of Larcenies*

Defendant asserts that he could be sentenced for only one larceny under the "single larceny doctrine". The aspect of the doctrine involved in this case is the taking of two or more articles of property from the same owner at the same time and place. We are not concerned here with a theft from different owners, see *State v. Bolen*, 88 N.M. 647, 545 P.2d 1025 (Ct.App.1976), or with a series of thefts, see Annot., 53 A.L.R.3d 398 (1973).

The doctrine has existed for some time. *Lorton v. State*, 7 Mo. 55, 37 Am.Dec. 179 (1841) states that the "stealing of several

articles of property, at the same time and place, undoubtedly constitutes but one offense against the laws . . .." See also *Hudson v. State*, 9 Tex.App. 151, 35 Am. Rep. 732 (1880). Although old, the doctrine has current applicability. 2 Anderson, Wharton's Criminal Law and Procedure, § 450 (1957); see Annot., 53 A.L.R.3d, supra; Annot., 37 A.L.R.3d 1407 (1971).

Why is the taking of several articles at one time and place "undoubtedly" but one offense? One justification is that there has been but one transaction, even when there are several takings or a certain time span is involved in removing the articles. *State v. Hall*, 111 Kan. 458, 207 P. 773 (1922); *State v. Mjelde*, 29 Mont. 490, 75 P. 87 (1904). As stated in *State v. Larson*, 85 Iowa 659, 52 N.W. 539 (1892):

> "While it is true that, if the taking were felonious, the larceny was completed with the taking of the first sack [of flaxseed] if no more had been taken, but, more being taken as a part of the same transaction, they all became the subject of the same larceny."

Another justification is that the taking of the several articles is with but one criminal intent. *State v. Allen*, 59 N.M. 139, 280 P.2d 298 (1955). Whether the explanation is in terms of one transaction or one criminal intent, the theory is the same—that only one criminal act has occurred. See 2 Anderson, Wharton's Criminal Law and Procedure, § 450, supra.

■ By defining the larceny in terms of one transaction or one criminal intent, a double jeopardy problem is avoided. An offense may not be split into many parts and made the subject of multiple prosecutions. *State v. Mullenax*, 124 W.Va. 243, 20 S.E.2d 901 (1942). Annot., 92 Am.St.Rep. 89 (1902) at page 117 states that a theft of one thousand dollars is one theft and not a thousand thefts, and the defendant can be prosecuted only once for the offense.

> "The instance above given, of the larceny of several articles at one time and place and by one act of theft, is one of frequent occurrence in the authorities. In such a case, by the great weight of authority,

there is but one offense. The state may, if it sees fit, prosecute for the theft of all the articles at once, or it may select what it wishes and prosecute for the larceny of that part, but it cannot split the single larceny into as many charges as there were articles stolen and make of such charges the basis of successive prosecutions. The second and subsequent prosecutions are, then, for the 'same offense' as was the first . . .."

This Court in *State v. Tanton*, 88 N.M. 5, 536 P.2d 269 (Ct.App.1975) considered the meaning of "same offense" in relation to the prohibition against double jeopardy. We considered the various approaches and held that we would look to the policies behind the prohibition against double jeopardy. The Court of Appeals opinion is referred to hereinafter as *Tanton 1*.

The Supreme Court reversed *Tanton 1*; *State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975), hereinafter referred to as *Tanton 2*. The meaning of double jeopardy was limited in *Tanton 2* to identical offenses, or situations where collateral estoppel, the concept of lesser included offenses or the same evidence test applied. *Tanton 2* at page 336, 540 P.2d 813.

Defendant asserts he can be convicted of only one larceny in this case under the same evidence test. This test is whether the facts offered in support of one offense would sustain a conviction of the other offense. *Tanton 2*, supra.

The larcenies of which defendant has been convicted were charged in Counts II through VI of the information. Each count charged a theft on the same date from the same place. However, each count charged the theft of a different pistol. Defendant states: "The facts offered in support of Count II would have sustained a conviction of either Counts III, IV, V, or VI, *except* for the precise item stolen." The majority opinion took a similar approach in *State v. Maestas*, 87 N.M. 6, 528 P.2d 650 (Ct.App. 1974), where the difference between the two charges was in the controlled substance possessed. *Tanton 2*, supra, expressly overruled *State v. Maestas*, supra. Because

each of the larceny counts required proof of a different pistol, the same evidence test was not applicable.

Under *Tanton 2*, the multiple larceny convictions in this case are not barred by the prohibition against double jeopardy. Definition of the crime as one transaction in this case is not required to avoid a double jeopardy problem. See *State v. Bolen* supra.

*Tanton 2* overruled *Tanton 1's* policy approach to double jeopardy by limiting the meaning of double jeopardy to specified concepts. *Tanton 2* did not, however, reject the use of policy in resolving questions of multiple prosecutions. Rather, it affirmed the use of judicial policy to prevent piecemeal prosecutions and stated that the policy approach was applicable to situations where the limited definition of double jeopardy in *Tanton 2* was inapplicable.

Apart from *State v. Bolen*, supra, three New Mexico decisions have considered the single larceny doctrine. *State v. Allen*, supra, discussed whether a single criminal intent applied to two takings of property. *State v. Klasner*, 19 N.M. 474, 145 P. 679 (1914) held that the wording of an indictment charging the theft of nineteen calves charged but one taking "at the same time and place" of the property of several owners.

*State v. Romero*, 33 N.M. 314, 267 P. 66 (1928) involved the embezzling of public money. Two charges were brought on the basis that defendant had two official capacities. *Romero* held there was but one transaction because "[t]he offense was the taking" and a second prosecution was barred under the double jeopardy clause. This approach is now prohibited by *Tanton 2*. However, in so holding, the *Romero* opinion states:

"It would be as illogical and unjust to permit this offense to be split because of the separate funds from which the money was abstracted as to permit a larceny from the person to be split because a part was taken from one pocket and a part from another."

We view *Allen, Klasner* and particularly *Romero*, as approving a policy that a taking of two or more articles of property from the same owner at the same time and place shall be prosecuted as only one larceny. Such an approach accords with the policy approaches discussed in both *Tanton 1* and *Tanton 2*, supra.

We hold that under the facts of this case, only one larceny occurred. There being but one larceny, four of the larceny convictions must be set aside. *State v. Ross*, 86 N.M. 212, 521 P.2d 1161 (Ct.App. 1974). The aggravated burglary conviction and sentence are affirmed. The larceny conviction under Count II and the sentence under Count II are affirmed. The other four larceny convictions and sentences are reversed. The cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.