This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41676

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PEDRO ORRANTIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Brian Parrish, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** This matter was submitted to the Court on its order assigning this matter to the general calendar with modified briefing, dated February 27, 2024. Defendant's brief in chief argues that the evidence was insufficient to support his convictions and that the district court erred in not dismissing a juror and declaring a mistrial after it was revealed that the juror knew the minor victim's (Victim) mother (Mother). Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution, we affirm for the following reasons.

## I.     The Evidence is Sufficient

**{2}**     Defendant appeals from his convictions for seven counts of criminal sexual penetration of a minor (CSPM), two counts of criminal sexual contact of a minor (CSCM) and two counts of intimidation of a witness. [BIC 7-15] "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (omission, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). Further, "appellate courts do not search for inferences supporting a contrary verdict or re[]weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Slade*, 2014-NMCA-088, ¶ 13 (internal quotation marks and citation omitted).

**{3}**     The Defendant's brief in chief indicates that the Victim, Defendant's daughter, testified that each charge occurred and that Victim's testimony provided enough factual detail to establish each element outlined by the jury instruction for each charge. [BIC 7-15] Victim testified that during the relevant time periods, Defendant inserted his penis into her vagina (Counts 5 and 9), mouth (Counts 4 and 8), and anus (Count 7) [BIC 10-12], his finger (Count 1) and a sex toy (Count 2) into her vagina [BIC 8-9], and repeatedly touched her breasts under her clothes (Counts 10 and 11) [BIC 12-13]. Victim also stated that following the conduct she described in relation to Counts 1, 2, and 10, Defendant made her promise not to tell anyone and threatened her with consequences if she did (Counts 3 and 12). [BIC 9, 14] In addition, Defendant's brief in chief indicates that the other evidence presented at trial established that Defendant had the opportunity to commit the alleged misconduct and left the household immediately after Victim accused him of the acts, and it explained why a person might not immediately disclose sexual abuse. [BIC 6] Viewing this evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we conclude that there was sufficient evidence to support Defendant's convictions beyond a reasonable doubt. *See Slade*, 2014-NMCA-088, ¶ 13; *see also State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "circumstantial evidence alone can amount to substantial evidence" and that "intent is subjective and is almost always inferred from other facts in the case" (alteration, internal quotation marks, and citation omitted), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, ¶ 19, 478 P.3d 880).

**{4}**     We recognize that Victim was the only testifying witness to provide direct evidence of the claimed conduct in this case. However, there is no merit to Defendant's claim that Victim's testimony alone was insufficient evidence on which to base his convictions. [BIC 6, 14] *See State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d

779 ("Credibility is not determined by the number of witnesses. As a general rule, the testimony of a single witness is sufficient evidence for a conviction."). Further, although Defendant argues that there was reason to question Victim's credibility [BIC 15], it was for the jury to resolve any conflicts and determine weight and credibility in the testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482; *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (explaining that the jury is free to reject the defendant's version of the facts). We do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

## II. Juror Dismissal and Mistrial Was Not Warranted

**{5}** Defendant's case proceeded to trial with a twelve-person jury and no alternates. [BIC 16] After Mother testified, a juror informed the district court that she worked with Mother. [BIC 16-17] Defendant contends that this juror should have been dismissed and a mistrial declared for lack of a twelve-person jury. [BIC 16-18] As defense counsel did not request a dismissal or mistrial [BIC 18], we review this claim for fundamental error. *See State v. Romero*, 2023-NMSC-014, ¶ 6, 533 P.3d 735 (reviewing a defendant's unpreserved claim of juror bias for fundamental error); *see also id.* ¶ 26 (noting that a district court confronted with a potential bias has the discretion, but is not required, to inquire further and dismiss that juror).

**{6}** Fundamental error analysis involves two basic steps. First, we determine "whether error occurred." *State v. Ocon*, 2021-NMCA-032, ¶ 7, 493 P.3d 448. If an error has occurred, "we proceed to the second step, asking whether the error is fundamental." *Id.* ¶ 8. "Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive." *State v. Gallegos*, 2009-NMSC-017, ¶ 27, 146 N.M. 88, 206 P.3d 993 (internal quotation marks and citation omitted).

**{7}** In New Mexico, we have recognized the existence of two types of bias that might arise in a juror: (1) actual bias, and (2) implied bias. *Romero*, 2023-NMSC-014, ¶ 8. "Actual bias is bias in fact," and is proven when the opponent of a juror establishes "that the bias would actually affect the juror's vote." *Id.* ¶ 9; *see also State v. Baca*, 1983-NMSC-049, ¶ 9, 99 N.M. 754, 664 P.2d 360 ("The burden of establishing partiality is upon the party making such a claim."), *overruled on other grounds by Martinez*, 2012-NMSC-002. Implied bias requires a court to excuse or dismiss a juror, who "may well be objective in fact, [but] the relationship is so close that the law errs on the side of caution." *Romero*, 2023-NMSC-014, ¶ 12 (omission, internal quotation marks, and citation omitted).

**{8}** Here, after learning that the juror was acquainted with Mother, the district court conducted an inquiry as to the nature of their relationship that was outside of the presence of the other jurors. [BIC 17] The juror informed the court that she worked with

Mother at the same company and in that capacity had received invoices from Mother and spoken with her on the phone. [BIC 17] The juror had never met Mother in person. [BIC 17] The juror agreed with the district court's characterization of their acquaintance as a sporadic, business relationship, rather than a social one, and also indicated that the business relationship would not affect the juror's ability to be fair and impartial. [BIC 17] Defense counsel did not ask any additional questions of the juror or move for a mistrial, nor did the district court remove the juror or determine that a mistrial was required. [BIC 17]

{9}     As the juror here informed the district court that she was able to view the evidence fairly and impartially and that her acquaintance with Mother amounted to a sporadic, business relationship, we discern no basis in this case upon which to infer juror bias. *See id.* ¶¶ 16-21. Moreover, upon discovering that the juror was acquainted with mother, defense counsel did not ask any additional questions of the juror or move for dismissal of that juror. *See State v. Pedroncelli*, 1984-NMSC-009, ¶ 26, 100 N.M. 678, 675 P.2d 127 ("If there is a genuine concern about the partiality of a prospective juror, [the] defendant must take adequate steps to establish such bias in the record"); *see also Romero*, 2023-NMSC-014, ¶ 25 (explaining that " a sentient defendant, knowledgeable of a possible claim of juror bias, waives the claim if he elects not to raise it promptly" by inquiring further and objecting to the juror's service (alteration, internal quotation marks, and citation omitted)). Accordingly, it was not error for the district court to allow the juror to remain on the jury panel and the trial to proceed.

{10}    Based on the foregoing, we affirm.

{11}    **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**